No. 337

**First Circuit**

**PERROUX ET AL. v. MURRAY-BROOKS HARDWARE CO., LTD.**

(November 10, 1928. Opinion and Decree.)

Williams and Blackshear, of Oakdale, attorneys for plaintiffs, appellees.

Thornton, Gist and Richey, of Alexandria, and Albin Provosty, of New Roads, attorneys for defendant, appellant.

ELLIOTT, J. Joseph Webster Perroux, employed by Henry W. Frith in the operation of the ferry which crosses the Atchafalaya River at Melville on the Jefferson Highway, lost the little finger on his right hand while engaged in making fast the end of a rope to a truck belonging to the defendant, Murray-Brooks Hdw. Co., Ltd., the other end of which had already been made fast to the axle of another truck belonging to defendant. The two trucks were used by the defendant for the purpose of transporting dynamite from its place of business in Lake Charles, to Plaquemine. The dynamite was loaded in trailers. One trailer heavily loaded with dynamite was attached to each truck. The truck drivers, both negroes, employed by defendant, reached the ferry on December 3, 1926, just before day, on their way to Plaquemine, and were ferried across in safety.

The plaintiff, Perroux, and Joe Wiltz another employee of Mr. Frith, operated the ferry at night. Amilcar Wiltz and Matt Perroux, also in his employ, operated it during the day. Amilcar Wiltz and Matt Perroux had arrived at the ferry while it

was on the west side of the river, but their time for work not having commenced, they both got in the boat and crossed to the other side for the purpose of getting coffee.

The operation of a ferry is classed as a hazardous occupation, under the Employer's Liability Act of Louisiana, Act No. 20 of 1914 as amended.

The plaintiff Perroux was paid by his employer, Mr. Frith, twenty dollars ($20.00) per week for twenty weeks, as compensation, on account of his injury, and $42.00 in addition on account of his physician's fees and medical expenses, making a total of $442.00. Mr. Frith is a party plaintiff, and the prayer of the petition is that $442.00 of the sum recovered of defendant as damages, be paid to him.

The incline from the edge of the river to the top of the bank on the east side, is quite steep. The truck called the "White" driven by Charlie Porter, leading, left the ferry first and pulled its trailer to the level ground on the top of the bank. The truck called the "Ford" driven by Leroy Victor followed with its trailer, but after proceeding a short distance up the incline, it could go no further and stopped, its engine died, and it commenced a backward movement toward the ferryboat and the river. Upon this, the plaintiff Perroux, Amilcar and Joe Wiltz rushed forward and chocked its wheels with blocks of wood, and the movement was stopped.

The plaintiff Perroux alleges that his duties consisted principally in the operation of said ferryboat, assisting vehicles to embark thereon and disembark therefrom, and in clearing the ways from the landing point to the upper bank or terminus of said highway, on each side of the river.

The plaintiffs further allege that Charlie Porter, driver of the "White" truck, after ascending to level ground on top of the bank, disconnected his trailer, backed down the incline close to the Ford and requested the plaintiff Perroux to make fast the rope to the rear end of the White truck and to the axle of the Ford; that such assistance was necessary due to the fact that there were only two employees of defendant present, and on account of the incline it was necessary for each of them to stay on their trucks and at their wheels, in order to hold fast their brakes. That the plaintiff was not a volunteer in the matter of tying the rope. That he took the rope as requested, fastened it to the Ford truck, and then began tying it to the White, but before he had finished doing so, the driver of the Ford truck suddenly and negligently and without warning to the plaintiff Perroux released the footbrake, which held same, and stepped from the machine. That due to this act on the part of defendant's employee, the Ford truck jumped the chocks behind its wheels and began rolling rapidly down the incline, suddenly taking up, in its progress backward, the slack in the rope, and in so doing, his little finger was caught by the rope and jerked from his hand.

They further allege that the Ford truck was overloaded, in poor mechanical condition and had no emergency brake. That defendant, its agent and employee, Leroy Victor, was grossly careless and negligent in releasing the foot-brake and leaving the truck without warning to the plaintiff Perroux, who was down under the rear end of the White truck at the time, working in the dark, making the rope fast to it. That the driver of the Ford truck was incompetent and not licensed, etc. He claims $300.00 on account of his physical pain and suffering, $3000.00 on account of the loss of his finger and permanent impairment of the use of his hand, $42.00 on

account of physician's fees and medical expenses and $250.00 on account of loss of salary while unable to work. The petition contains other averments which we do not deem it necessary to mention.

The defendant excepted that plaintiff's petition disclosed no cause of action. This exception was overruled and it then answered denying all the above mentioned allegations. It further alleged in defense that the occurrence was due to the negligence of the plaintiff, Perroux, or was an unavoidable accident.

That the plaintiff, Perroux, undertook voluntarily and without request from defendant's drivers to assist defendant's truck ascend the bank as part of his duties as ferryman. That it was the duty of the plaintiff, Perroux, in connection with his work, to block the wheels of the Ford while the rope was being tied to the White truck. That the blocks either rolled out or were too small. That plaintiff Perroux was guilty of contributory negligence in placing the blocks, or in using blocks that were too small, and could not recover on that account. That it was the duty of said Frith, lessee of the ferry rights, and of his employees, to maintain and keep the approach from the ferryboat to the top of the bank in good condition. That the approach was not in proper condition. That the bad condition of the incline was the proximate cause why the Ford truck was unable to ascend the incline without assistance. That plaintiff could not recover on that account.

The exception of no cause of action, was, we think, properly overruled.

The record shows the employment of the plaintiff Perroux as alleged in the petition. That Murray-Brooks Hdw. Co., Ltd., sent out the two trucks from its place of business in Lake Charles, in this State, each carrying a load of dynamite, and driven by said Porter and Victor, as above stated for delivery at Plaquemine. That they arrived at the ferryboat on December 3, 1926, before day, and while it was still dark. That the Ford truck stopped on the incline, not because of any bad condition of the incline, due to the negligence of the plaintiffs Frith and Perroux, but because its engine was not powerful enough to pull its load up the hill.

The contract under which Mr. Frith operated the ferry did not require him to lower the grade of the incline.

The evidence does not justify defendant's contention that it was the duty of the lessee Frith and his ferryman and employees to assist defendant's truck after it had safely left the ferryboat, and taken the ascent on the highway in the resumption of its journey. Both of defendant's employees had to remain in their trucks to hold their brakes and in that way hold their trucks in position on the incline. Therefore it was a proper, necessary and humane act on the part of the plaintiff Perroux and the other ferryman present to rush forward and chock the wheels of the Ford, and to further assist by making fast the Ford to the White truck, so that the White could pull it with its trailer to the level ground on top of the bank.

We are satisfied from the testimony on the subject and the corroborating physical facts and circumstances, notwithstanding conflicting and contradictory statements, that Leroy Victor seated in his truck with his foot on the brake, obtained a rope from his truck and threw it to the plaintiff Perroux for the purpose of having him tie it to the Ford, and then to the White truck, and by means of which the White was to pull the Ford with its trailer to the top of the bank. We are satisfied that one of de-

fendant's drivers requested the plaintiff Perroux to do the tying, and while he was down under the rear end of the White, working in the dark, engaged in making it fast, that Leroy Victor, without notice to Mr. Perroux, stepped out of his truck, and upon which it immediately jumped the blocks, and commenced rolling rapidly down the hill, forcibly and violently jerking the slack out of the rope before Mr. Perroux had an opportunity to disengage his hands from it, with the result that his finger was caught in the rope and jerked off.

But suppose the plaintiff Perroux went to defendant's assistance without having been expressly requested to do so, the immediate danger and peril, due to the dynamite in the backing truck, made his act proper, and renders defendant just as responsible for its negligence, which caused plaintiff's injury, as if the request had been made.

It is our conclusion that if defendant's driver had remained in his truck and kept his foot on the brake, together with the chocks behind the wheels, he would have continued to hold the truck on the incline until Mr. Perroux had finished the work of making fast the rope to the White truck, and reached a place of safety.

The evidence shows that the defendant had hauled dynamite over the same route on previous occasions, with the same truck, and that its engine had not been able to ascend this incline with the load it was required to pull. It was an ordinary precaution for defendant to take a rope along on these trips, yet defendant's previous experience justified it in taking the rope along for the purpose for which it was used on the present occasion. It was evidently aware that it would need assistance in order to ascend the incline. Defendant was therefore responsible for the occurrence in question, and as it sent only the two drivers with the trucks, it was responsible for the situation that made it necessary for plaintiff Perroux to go to their assistance.

Leroy Victor, driver of the truck, present as a witness for defendant on the first day of the trial, was not called, and on the second day, he was not in Court. The witness Porter says that he called for him but he was not at home. Victor was in position to testify directly as to the matters pertinent to the case. It does not appear that the defendant made any effort to procure his testimony.

The preponderance of the evidence is also to the effect that the Ford truck was not equipped with an emergency brake. It had a foot brake, but we regard it as gross negligence to send out this truck with a load of dynamite, not provided with an emergency brake, knowing that it would likely stop on this incline, and be required to be held by it in position until it could be assisted by the other truck.

We think that plaintiff was injured as a result of the gross fault and carelessness of defendant, its agent and employees, in the way stated, and that defendant is responsible for all the damage thereby sustained.

The defendant contends that the judgment appealed from should be credited with $250.00 on account of wages received by the plaintiff Perroux following his injury.

The evidence does not justify the conclusion that Mr. Frith paid the plaintiff Perroux wages while paying him compensation, but suppose he did, we do not see that defendant is entitled to the credit which he claims.

The plaintiff Frith paid the plaintiff Perroux $400.00 in compensation and $42.00 in addition, on account of physician's fees and medical expenses. The lower court allowed Perroux $300.00 on account of physical pain and suffering, $1250.00 on account of the loss of his finger and impairment of the use of his hand, a total of $1592.00, and ordered that the $442.00 which had been paid him by Mr. Frith, be returned to Mr. Frith out of the same. The balance of the sum claimed as damages and the $250.00 claimed as salary, were rejected.

The judgment appealed from is, in our opinion, correct.